ROSELLEN v. HERZOG et al.

(Supreme Court, General Term, First Department. June 3, 1892.)

1. TROVER—EVIDENCE—RELEVANCY.

In an action for the unlawful taking of goods, where defendants justified the taking on the ground that they had been induced to sell the goods to plaintiff's assignors by false statements as to their solvency, it was error to permit one of such assignors to testify that, if their creditors had extended the time of payment, they would have been paid in full.

2. SAME.—TESTIMONY OF AGENT.

Where there was evidence that the agent of a board of trade had obtained information as to the standing of plaintiff's assignors, and one of the latter testified that the agent at the time of obtaining such information had stated that he wanted it only for a special purpose, it was error to exclude the testimony of the agent in denial.

3. SAME—ALTERATION OF WRITTEN INSTRUMENTS—EVIDENCE.

Where plaintiff claimed and introduced evidence that a certain written statement of their assets and liabilities, furnished such board of trade by his assignors, had been changed in certain respects, it was error to exclude evidence by defendants that such statement had not been changed.

Appeal from circuit court, New York county.

Action by Henry Rosellen, as assignee for the benefit of the creditors of Viemeister Bros., against Louis Herzog and Alfred Frank. From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

The paper referred to in the opinion was a written statement of the liabilities, assets, etc., of plaintiff's assignors, furnished the board of trade by them.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

J. J. Frank, for appellants. Albert I. Sire, for respondent.

VAN BRUNT, P. J. This action was brought to recover the value of certain property, consisting of jewelry of the value of $163.93, which the plaintiff claimed had been wrongfully taken into possession by the defendants, and converted by them. The answer denied the ownership of the property, and, as an affirmative defense, averred that, prior to and at the time of the commencement of this action, there was pending undetermined, in this court, another action wherein the plaintiff and his assignors were defendants, and these defendants were plaintiffs, for the recovery of this and other property. Upon the trial it was shown that the defendants had taken the goods, and justified the taking upon the ground that the sale of the goods by them to the plaintiff's assignors was void, and that it had been induced by their false statements of their solvency. The jury rendered a verdict for the plaintiff, and from the judgment thereupon entered, and from the order denying a motion for a new trial, this appeal is taken.

The appellant claims that error was committed during the progress of the trial in the admission of evidence of payments for other property not affected by this action, in reading from the books of the plaintiff's assignors, and the declarations of the defendants as to their intentions in respect to the goods taken which do not seem to be very material to the question in controversy,

or to have in any way affected the defendants to their detriment. But it does appear that evidence was given by one of the Viemeisters, although objection was duly made to the effect that, if their creditors would have waited or extended the time of payment, they could have paid their creditors in full. This was clearly error. It was entirely immaterial what would have happened had the creditors of the Viemeisters chosen to extend the time of payment of their indebtedness.

Another material error seems to have been committed in the exclusion of the evidence of the agent of the Jewelers' Board of Trade, who was obtaining information in respect to the Viemeisters' standing, denying the statement which had been sworn to by one of the Viemeisters that he stated, at the time of obtaining such information, that he only wanted it for a special purpose. It certainly was material as to the extent of the credibility to be given to the witness, and affecting the credibility to be given to the Viemeisters in respect to their explanation of the information which they gave to the agent. So, also, the defendant was entitled to show that the alleged change in the paper which had been filled out by the agent of the organization had not been made as was claimed by the Viemeisters, and also to show where the papers had been, and in whose custody it was, for the purpose of contradicting the evidence which had been offered upon the part of the plaintiff. Without considering the other points raised, we think that the errors suggested call for a reversal of the judgment. The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

BARRETT, J. I concur upon the ground that it was error to exclude the evidence of the agent of the Jewelers', Board of Trade in denial of what had been sworn to by one of the Viemeisters.

O'BRIEN, J. The defendants, with regard to the sale and delivery of goods between November 24 and December 9, 1890, to plaintiff's assignors, alleged that the same were delivered because they relied on the truth of statements which were false and fraudulent. Some of the goods taken by them were delivered prior to November 24, 1890, and had either been paid for or delivered upon a credit not induced by fraudulent representations. These the defendants took wrongfully, and for their value a verdict should have been directed for plaintiff. I dissent, moreover, from so much of the opinion as intimates that it was error to show the prior dealings between the parties. Such evidence, it seems to me, is competent and relevant upon the question as to whether or not defendants relied solely on the representations made to the Jewelers' Board of Trade, and communicated to them. The extent of prior credits and the course of dealing between the parties bears directly on this point. Upon the other grounds assigned as error by the presiding judge I concur in the result.